SARTAIN, Judge.
Plaintiff seeks a reduction in alimony for the support of his three minor children. He alleges that the previous support in the amount of $600.00 per month as provided for in the judgment of divorce granted on September 25, 1970, was “fixed by consent rather than judicially following a hearing”. He further avers that he is no longer able to pay the sum of $600.00 because of a reduction in his income and expenses incurred subsequent to his remarriage.
The trial judge reduced the amount from $600.00 to $475.00 per month, from which judgment plaintiff appeals. We affirm.
C.C. Art. 231 provides that alimony shall be granted in proportion to the needs of the children and the circumstances of the father to pay it. In the event there is a change either as to the father who is giving or the children who receive, the support payments may be reduced in whole or in part. C.C. Art. 232.
The record discloses that in 1969 plaintiff had an adjusted gross income of $31,820.23. In 1970, his adjusted gross income was $42,830.00. In his testimony at the hearing on the rule, plaintiff stated that his weekly income was reduced from $627.00 to $400.00 per week because of adverse business conditions. After standard deductions he asserts that his take-home pay now is $323.20 per week. The difference in the aforementioned weekly income as compared to the adjusted gross incomes for the years 1969 and 1970 is represented by bonuses given to the plaintiff at the end of each year. Plaintiff stated that he anticipated no bonus for the year 1971 and that his income from his employment would be as above stated, augmented by approximately $15,000.00 received from the sale of property in Texas and in Louisiana.
The defendant filed in evidence a statement of income and expenses for the period November, 1970, to February, 1971. It will suffice here to say that a portion of the expenses listed by her did, in fact, accrue to her benefit. For example, the expenses of food, lodging, and transportation were shared by her with her three children. The defendant has remarried and for this reason alone plaintiff would be entitled to some relief.
The testimony of the plaintiff with respect to his reduction in income was undoubtedly considered by the trial judge when he reduced the overall award to the children by the sum of $125.00. However, most of the expenses now confronting the plaintiff are incidental to his subsequent marriage and obligations incurred following his divorce from his first wife. Plaintiff purchased a home with acreage for the purpose of breeding and raising Arabian horses. In connection with this purchase he obligated himself to pay $400.00 per month on a first mortgage and $6,000.00 per year for three years on a second mortgage. He admitted purchasing one horse for his present wife at a cost of $3,500.00.
In Laiche v. Laiche, 1959, 237 La. 298, 111 So.2d 120, the Supreme Court of this state reiterated the rule that the primary obligation of a husband is to support, maintain and educate his children of a first marriage and although he has a right to remarry, he cannot use the costs and indebtedness incurred by reason of his second marriage as a basis for relief of the obligation he owes to the children of his first marriage.
The trial judge undoubtedly considered all of these factors together with the applicable law and concluded that the sum of $475.00 is a reasonable amount for the plaintiff to pay for the support of his three children, ages 12, 11 and 7. In this determination we do not find that the judge a quo abused the discretion that is accorded to him in such matters.
Accordingly, the judgment appealed from is affirmed at appellant’s costs.
Affirmed.